# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHARII W. BRODIE, individually and as parent and natural guardian of B.B. and S.B., <br><br> Plaintiffs, <br><br> v. <br><br> KATHERINE WORTHINGTON, et al., <br><br> Defendants. | Civil Action 09-1828  (HHK) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kharii W. Brodie brings this action pro se seeking compensatory and punitive damages against numerous individuals including Bruce A. Johnson, Jr., a private lawyer who defended Brodie in an earlier criminal trial for wire fraud and conspiracy to make false statements to financial institutions to obtain mortgage loans. Brodie's claims against Johnson arise from his alleged misconduct before, during, and after Brodie's trial and conviction.

Before the Court are Johnson's motion to dismiss the complaint [Dkt. # 68] pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure and Brodie's motion to serve process by other means and for an extension of time in which to serve process [Dkt. # 60]. Also before the Court is the Report and Recommendation [Dkt. # 91] of United States Magistrate Judge Deborah A. Robinson, which recommends that Johnson's motion be granted and Brodie's denied as moot.[1] Upon consideration of the motions and oppositions thereto, the Report and

---

[1] This case has been referred to Magistrate Judge Robinson for full case management. Referral for full case management means that, pursuant to Rule 72.2(a) of the Civil Rules of the United States District Court for the District of Columbia, the Magistrate Judge will determine any motion or matter that arises in this case other than those motions specified in

Recommendation of Magistrate Judge Robinson, Brodie's objections to it, and Johnson's response thereto, the Court concludes that Johnson's motion should be granted for substantially the reasons set forth by Magistrate Judge Robinson.[2]  In sum, Brodie cannot state either a *Bivens* or a section 1983 claim against his former counsel because Johnson was neither a federal officer nor a state actor.  "Lawyers may be officers of the court, but they are not officers of the state within the meaning of section 1983.  In their capacities as representatives of a client in court, private counsel do not act under color of state law."  *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1980) (internal citations and quotation marks omitted); *see also Hinton v. Rudasill*, 624 F. Supp. 2d 48, 50 n.2 (D.D.C. 2009), *aff'd* 384 Fed. Appx. 2, 3 (D.C. Cir. 2010); *Delaney v. District of Columbia*, 659 F. Supp. 2d 185, 200 (D.D.C. 2009).

   To the extent that the Court reads the complaint liberally to encompass a claim of legal malpractice against Johnson (which Brodie does not squarely assert) it lacks subject matter jurisdiction to hear that claim.  The complaint, which lists Maryland addresses for both Brodie and Johnson, provides no grounds for the Court to find diversity jurisdiction under 28 U.S.C. § 1332.  Claims of legal malpractice do not, of themselves, raise a federal question, *see Steele v. Salb*, 681 F. Supp. 2d 34, 37 (D.D.C. 2010), and the Court declines to exercise supplemental jurisdiction over any claim of legal malpractice that Brodie may assert.

   Accordingly it is this 21st day of September, 2011, hereby

   **ORDERED** that Johnson's motion to dismiss [Dkt. # 68] is **GRANTED**; and further

---

Rule 72.3(a).  With respect to any motion or matter specified in Rule 72.3(a), the Magistrate Judge will submit a report and a recommendation for the disposition of such motion or matter.

   [2]   The Court has considered the Magistrate Judge's findings and recommendations *de novo*.  LCvR 72.3(c).

**ORDERED** that Brodie's motion to serve process by other means and for an extension of time in which to serve process [Dkt. # 60] is **DENIED** as moot.

Henry H. Kennedy, Jr.<br>
United States District Judge