**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **KHARII W. BRODIE, individually and as parent and natural guardian of B.B. and S.B.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**KATHERINE WORTHINGTON, et al.,**<br><br>**Defendants.** | **Civil Action 09-1828  (HHK)** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kharii W. Brodie brings this action pro se seeking compensatory and punitive damages against numerous individuals including Brent Jackson, who represented Brodie after his conviction for wire fraud and conspiracy to make false statements to financial institutions to obtain mortgage loans.  Brodie's claims against Jackson arise from Jackson's alleged misconduct while representing Brodie after his conviction.

Before the Court are Jackson's motions to quash service [Dkt. # 62] and to dismiss the complaint [Dkt. # 73] pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to serve process as required by Rule 4, as well as Brodie's motion for sanctions against Jackson's attorney [Dkt. # 78].  Also before the Court is the Report and Recommendation [Dkt. # 96] of United States Magistrate Judge Deborah A. Robinson, which recommends that Jackson's motion to dismiss be granted without prejudice and that his motion to quash service be denied as moot.  Magistrate Judge Robinson further recommends that Brodie's motion for sanctions be

denied.[1]  Upon consideration of the motions and oppositions thereto, the Report and

Recommendation of Magistrate Judge Robinson, and Brodie's objections to it, the Court

concludes that Jackson's motion should be granted and his motion to quash service be denied as

moot for substantially the reasons set forth by Magistrate Judge Robinson.[2]

Brodie contends that he served Jackson by having a process server deliver a summons

and a copy of the complaint to Jackson's attorney, who has submitted an affidavit stating that he

"specifically told the process server that he had absolutely no authority to accept process on

behalf of Defendant Jackson."  Aff. of John A. Keats [Dkt. # 92].  Brodie rejoins that two letters

from Jackson's attorney indicate that he was authorized to receive service on Jackson's behalf.

The first letter, dated November 2, 2009, asks that Brodie "refrain from sending pleadings to Mr.

Jackson and direct all correspondence regarding him to me."  Pl.'s Opp. to Report &

Recommendation, Ex. L1.  The second letter, dated November 6, 2009, advises Brodie that "if

you persist in attempting to contact [Jackson] directly, I will obtain a court order directing you to

curtail this practice."  *Id.*, Ex. L2.

To survive dismissal under Rule 12(b)(5), Brodie must offer evidence that Jackson

authorized his attorney to receive process on his behalf.[3]  Evidence that Jackson's attorney

---

[1]     This case has been referred to Magistrate Judge Robinson for full case
management.  Referral for full case management means that, pursuant to Rule 72.2(a) of the
Civil Rules of the United States District Court for the District of Columbia, the Magistrate Judge
will determine any motion or matter that arises in this case other than those motions specified in
Rule 72.3(a).  With respect to any motion or matter specified in Rule 72.3(a), the Magistrate
Judge will submit a report and a recommendation for the disposition of such motion or matter.

[2]     The Court has considered the Magistrate Judge's findings and recommendations
*de novo*.  LCvR 72.3(c).

[3] *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955) ("The rule is clear that . . . any
agent who accepts service must be shown to have been authorized to bind his principal by the

represents him in this matter does not suffice,[4] especially when the attorney has explicitly

disclaimed any authority to receive service on Jackson's behalf.[5]  Indeed, even if the Court

construed the letters from Jackson's attorney as a claim of authority to receive service for him, it

would still require Brodie to produce evidence that Jackson actually intended to confer such

authority.[6]  Brodie has not done so.

As to Brodie's motion for sanctions, the Court adopts Magistrate Judge Robinson's

conclusion that Jackson's motion to dismiss for insufficiency of process is not a basis for

imposing sanctions on his attorney.

Accordingly it is this 21st day of September, 2011, hereby

**ORDERED** that Jackson's motion to dismiss [Dkt. # 73] is **GRANTED** without

prejudice;

---

acceptance of process . . . .").

[4] *Dalal v. Goldman Sachs & Co.*, 2007 WL 1334972 at *3 (D.D.C. May 7, 2007) ("Plaintiff's service . . . was . . . inadequate because it was made upon defendant's counsel. There being no indication that defendant's counsel was an agent authorized to receive process on defendant's behalf, service upon defendant's counsel was not sufficient to serve the defendant . . . ."); *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 88 (D.D.C. 2004) ("[A]side from pointing out that [an attorney] was, and is [the defendant's] counsel, the plaintiff offers no evidence indicating that [the defendant] authorized [its attorney], implicitly or explicitly, to receive service.").

[5] *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 12 n.1 (D.D.C. 2003) (noting that service was improper where a plaintiff claimed he had effected service on the defendant through the defendant's attorney, who "informed the plaintiff that neither he nor his law firm were authorized to accept service of process on behalf of [the defendant] and therefore such an attempt to effectuate service on [the defendant] was invalid").

[6] *Fenwick v. United States*, 691 F. Supp. 2d 108, 113 (D.D.C. 2010) ("'Claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough' to satisfy the service requirements of Rule 4(e)(2); 'there must be evidence that the defendant[] intended to confer that authority upon the agent.'") (quoting 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097 (3d ed. 2002).

**ORDERED** that Jackson's motion to quash service [Dkt. # 62] is **DENIED** as moot; and

further

**ORDERED** that Brodie's motion for sanctions [Dkt. # 78] is **DENIED**.


Henry H. Kennedy, Jr.
United States District Judge